J-S40010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE PEELE | : | |
| | : | |
| Appellant | : | No. 2242 EDA 2020 |

Appeal from the PCRA Order Entered October 6, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0910631-1998

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MARCH 02, 2023**

Tyrone Peele brings this appeal following the dismissal of his petition for post conviction relief. In addition, counsel, Gary S. Server, Esquire, has filed a motion to withdraw as counsel and a no-merit letter in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because we agree with Attorney Server's assessment that Peele is not entitled to relief, we grant Attorney Server's motion to withdraw and affirm the order denying Peele's petition.

In 1999, Peele pled guilty to rape and corruption of minors. For the rape conviction, the trial court sentenced Peele to serve a term of incarceration of five to ten years followed by five years of probation. He received a concurrent sentence of five years of probation for the conviction of corruption of minors.

On April 29, 2014, the trial court entered an order terminating Peele's probation and lifting detainer.

On August 15, 2017, Peele filed a forty-five-page *habeas corpus* petition, which the trial court treated as a petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On October 6, 2020, the PCRA court dismissed the petition. Peele filed a timely *pro se* notice of appeal. This court remanded the matter for a **Grazier** hearing,[1] to determine whether Peele should proceed *pro se*. The PCRA court appointed Attorney Server as counsel for Peele and on June 1, 2022, determined that Peele should not be permitted to proceed *pro se*.

On September 20, 2022, Attorney Server filed with this Court a **Turner**/**Finley** no-merit letter and a motion to withdraw as counsel. Attorney Server notified Peele of the motion to withdraw, sent him a copy of the **Turner**/**Finley** no-merit letter, and informed Peele of his right to proceed *pro se* or retain new counsel. Peele did not file a response.

As an initial matter, we must consider the adequacy of Attorney Server's **Turner**/**Finley** filings. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **See Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014).

> The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list

---

[1] **Commonwealth v, Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

> each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, … then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit….

*Id.* (citation omitted). Additionally, counsel must serve his client with the application to withdraw and no-merit letter, and he must inform his client of his right to proceed *pro se* or retain private counsel. **See id.**

Here, the record confirms that Attorney Server served Peele with a copy of his motion to withdraw and no-merit letter. The letter properly details Attorney Server's review of the record and concludes that all possible issues would be frivolous to assert on appeal. Attorney Server served copies of his filings on Peele and provided an explanation of Peele's right to raise additional claims by proceeding *pro se* or by retaining private counsel. Therefore, we conclude that Attorney Server complied with the dictates of **Turner/Finley**.

We therefore turn to the merits of Peele's petition. Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See id**.

In the **Turner/Finley** letter, Attorney Server raised multiple concerns over jurisdiction under the PCRA. **See Turner/Finley** Letter, 9/20/22, at 3-5. Initially, he notes that Peele attempted to raise claims challenging the

legality of his sentence and additional claims raising constitutional violations. ***See id.***, at 4. Attorney Server observes that such claims are cognizable under the PCRA. However, Attorney Server also notes that Peele is not eligible for relief under the PCRA because he is no longer in custody for the instant crimes. ***See id***. at 4-5. Further, Attorney Server indicates that the PCRA petition is untimely by seventeen years. ***See id***. at 4.

The PCRA sets forth the scope of the Act as providing "for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. The PCRA specifically directs that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." ***Id***.

Our Supreme Court explained that the plain language of the statute demonstrates that the General Assembly intended that claims that could be brought under the PCRA must be brought under the Act. ***See Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." ***Id***. (citations omitted). Thus, a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA

petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013).

The question then is whether Peele's claims that he is serving an illegal sentence and that there were constitutional violations at his trial, are claims the PCRA could remedy. We have reiterated that "the PCRA statute is intended as the sole means of collaterally challenging a sentence." **Commonwealth v. Concordia**, 97 A.3d 366, 372 (Pa. Super. 2014) (citations omitted). Further, the PCRA states that a challenge to the legality of a sentence is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(vii). In addition, the PCRA provides that claims raising constitutional violations are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(i). Hence, Peele's claims are cognizable under the PCRA regardless of the caption of the petition. Consequently, the court had no authority to entertain the petition except under the strictures of the PCRA.

Just because Peele's claims are cognizable under the PCRA does not mean that he is eligible for relief. In fact, the PCRA provides for several limits on who is eligible for relief under its purview. One such limit is that a petitioner must be actively serving a sentence for the crime at issue **See** 42 Pa.C.S.A. § 9543(a)(1)(i).

Our Supreme Court has long interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. **See Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997). As the Court

explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Id.* at 720. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. *Id*. To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the statute. *Id*. It is well-settled under Pennsylvania law that the PCRA court loses jurisdiction the moment an appellant's term of probation expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that if a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Our review of the record reflects that Peele invoked the PCRA when he filed his *pro se* petition on August 15, 2017. However, our review further reveals that on April 19, 1999, after entering his guilty plea, Peele was sentenced to serve an aggregate sentence of five to ten years of incarceration followed by five years of probation. Further, the record indicates Peele finished serving his sentence of probation in April of 2014. *See* Order Terminating Probation, 4/29/14. As the PCRA court notes in its order dismissing Peele's PCRA petition, "[Peele's] probation was terminated on April 29, 2014[,] and he is currently not serving a sentence." PCRA Court Order, 10/6/20, at 1 n.1. Therefore, Peele cannot satisfy the requirements of the PCRA. Accordingly, the court had no authority to entertain his request for relief under the PCRA.

Consequently, Peele is ineligible for relief pursuant to the PCRA, and the PCRA court's dismissal of Peele's petition was proper.

Even if we had reached the contrary conclusion and determined that Peele is statutorily eligible for PCRA relief, we would conclude that relief is jurisdictionally barred because the PCRA petition is untimely. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature and goes to a court's right or competency to adjudicate a controversy. **See Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Again, our review of the record reflects that the trial court imposed Peele's judgment of sentence on April 19, 1999. Peele did not file a direct appeal. Therefore, Peele's judgment of sentence became final on May 19, 1999, thirty days after the trial court imposed the judgment of sentence and Peele failed to file a direct appeal with this Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). In order to be timely, Peele needed to file this PCRA petition on or before May 19, 2000. Peele did not file the instant PCRA petition until August 15, 2017. Accordingly, Peele's PCRA petition is patently

untimely, and we lack jurisdiction to consider its merits unless Peele pleaded and proved a timeliness exception.

Section 9545 of the PCRA provides three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. **See id**. A PCRA petition invoking one of these statutory exceptions must be filed within the time constraints set forth at 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017) (citation omitted).

Our review shows that Peele did not specifically raise the issue of timeliness and did not plead any exception to the timeliness requirement in the instant filing. Accordingly, Peele has not carried his burden to plead and prove the applicability of one of the exceptions. Consequently, even if Peele had been currently serving a sentence for the relevant crime, we would conclude the PCRA court did not err in dismissing Peele's untimely petition. Hence, this Court has no jurisdiction to address the merits of Peele's claims. **See Robinson**, 837 A.2d at 1161.

We therefore grant Attorney Server's motion to withdraw and affirm the PCRA court's order dismissing Peele's PCRA petition.

Motion to Withdraw as Counsel granted. Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 3/2/2023*